UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RITA J. SMITH,

                Plaintiff,

     v.

MICHAEL J ASTRUE, Commissioner of Social Security,

                Defendant.

Case No. C11-5386-JCC-BAT

**REPORT AND RECOMMENDATION**

Rita J. Smith seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. Ms. Smith's primary contention is the ALJ incorrectly found she had past relevant work as a telephone receptionist, was able to perform this work, and was therefore not disabled.[1] Dkt. 16. The Court agrees and recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Smith is currently 47 years old, has completed the 10th grade, and has worked as a checker and a waitress.[2] On November 20, 2007, she applied for benefits, alleging disability as

---

[1] Ms. Smith argues if the Court rejects this contention, the Court should grant relief based on other "defects" in the ALJ's step four analysis. As the Court agrees with Ms. Smith's primary contention, the alternative defects need not be addressed. *See* Dkt. 16 at 7.
[2] Tr. 29, 141, 164.

REPORT AND RECOMMENDATION - 1

of November 29, 1997.³  Her applications were denied initially and on reconsideration.⁴  After conducting a hearing on January 7, 2010, the ALJ found Ms. Smith not disabled.⁵  As the Appeals Council denied Ms. Smith's request for review, the ALJ's decision is the Commissioner's final decision.⁶

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,⁷ the ALJ found:

**Step one:** Ms. Smith had not engaged in substantial gainful activity since November 29, 1997.

**Step two:** Ms. Smith had the following severe impairments: left ulna nerve injury, right carpal tunnel syndrome, depression, and anxiety.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.⁸

**Residual Functional Capacity:** Ms. Smith could perform less than the full range of light work.  She was capable of occasional fingering and handling with her left non-dominant upper extremity and was capable of frequent fingering and handling with her right, dominant, upper extremity.  She could not reach over shoulder level.  She could frequently lift and carry up to 10 pounds.   She has no sitting, standing, or walking restrictions.  She could recall, understand, and carry out simple and detailed, but not complex, tasks and instructions.  She could have occasional face to face interaction with the general public; she had no telephone contact restrictions.  She could have frequent interaction with coworkers and supervisors.

**Step four:** Ms. Smith could perform her past work as a telephone receptionist and is therefore not disabled.

Tr. 13-20.

**DISCUSSION**

At step-four, an ALJ must determine whether a claimant has the residual functional

---

³ Tr. 141, 144.
⁴ Tr. 87-93, 97-100.
⁵ Tr. 8-24.
⁶ Tr. 1-6.
⁷ 20 C.F.R. §§ 404.1520, 416.920.
⁸ 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

capacity to perform her past relevant work. If a claimant can perform past relevant work, the claimant is not disabled. The ALJ found Ms. Smith could perform her past relevant work as a telephone receptionist at American Legal Truckers Association (Association) and was thus not disabled. Tr. 19. Ms. Smith contends the ALJ erred because substantial evidence does not support this finding.

In 1999 and 2000, Ms. Smith was employed as a telephone receptionist at the Association for a total of six months. This job may be considered past relevant work only if it involved "substantial gainful activity." 20 C.F.R. § 404.1565(a); *Lewis v. Apfel*, 236 F. 3d 503, 515 (9th Cir. 2001). To determine whether a particular job constitutes substantial gainful activity, the Social Security regulations consider two employment categories: employee and self employed. *See* 20 C.F.R. §§ 404.1574; 404.1575; 416.974 & 416.975. For employees, such as Ms. Smith, the primary factor in determining whether past work is substantial gainful activity "will be the earnings [the employee] derive[d] from the work activity." *Id*. at §§ 404.1574(a)(1) & 416.974(a)(1).

There is a rebuttable presumption the employee either was or was not engaged in substantial gainful activity if the employee's average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines. *See id*. at §§ 404.1574(b)(2)-(3) & 416.974(b)(2)-(3); *see also Lewis*, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). In Ms. Smith's case, her prior work at the Association would be presumed substantial gainful activity if she earned more than $500 per month on average in the first half of 1999 or more than $700 a month on average in the second half of 1999 or all of 2000. *See* 20 C.F.R. § 1574(b) (2011).

Earnings, however, are not dispositive. The Commissioner may consider other evidence

REPORT AND RECOMMENDATION - 3

to determine whether a claimant's past job is substantial gainful activity. For instance, where there is other evidence indicating the claimant was engaged in substantial gainful activity, or that a claimant was in the position to control the amount of wages he or she was paid, the Commissioner may consider whether the work performed is "comparable to that of unimpaired people in [the employee's] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work[.]" 20 C.F.R. §§ 404.1574(b)(3)(ii)(A) & 416.974(b)(3)(ii)(A). The Commissioner may also rely upon evidence that the employee's work is clearly worth more than the substantial gainful activity amounts provided for the particular calendar year in the Commissioner's Earning Guidelines based upon the prevailing pay scales in the employee's community. *Id*. at §§ 404.1574(b)(3)(ii)(B) & 416.974(b)(3)(ii)(B).

The Commissioner does not dispute Ms. Smith's 1999 and 2000 Association earnings were too low to establish that job was substantial gainful activity. This is significant because where a claimant earned less than the required threshold to constitute substantial gainful activity, the burden of proof shifts to the Commissioner. *See Lewis*, 236 F. 3d at 515 ("The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner."). Moreover, "[w]ith the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." *Id*.

Under this standard the ALJ erroneously found Ms. Smith's past job at the Association was substantial gainful activity. Based on Ms. Smith's past earnings at the Association, the ALJ was required to presume that work was not substantial gainful activity. The ALJ, however, gave no indication he recognized this presumption and failed to set forth facts supported by substantial

evidence showing Ms. Smith had performed substantial gainful activity at the Association. Instead, the ALJ simply found Ms. Smith:

> worked for the American Truckers Legal Association answering phones and directing calls in 2001. Based on her earnings and her testimony she worked at least three months and was let go not because she was unable to do that job, but rather because the employer did not like her. This personality conflict has nothing to do with the claimant's ability to perform the job. The vocational expert (VE) testified that no occupation listed in the DOT adequately described this occupation. However, based on her testimony, I find that she would be able to perform this occupation as she performed it.

Tr. 19. These findings articulate the ALJ's views of Ms. Smith's residual functional capacity but fail to elucidate whether the Association job constituted substantial gainful activity. In other words, these findings fail to provide reasons supported by substantial evidence that establish the Association job was substantial gainful activity and therefore past relevant work.

Because the ALJ improperly treated Ms. Smith's past work at the Association as substantial gainful activity without properly explaining this determination, as was his burden, the ALJ erred. This error is not harmless. The ALJ's step four determination that Ms. Smith was not disabled rested entirely on the finding that Ms. Smith's past receptionist job was past relevant work, and that Ms. Smith retained the capacity to perform that past work. The ALJ did not make alternative findings at step five that there were other jobs Ms. Smith could perform and thus the ALJ's step four error compels remand. Tr. 20. Accordingly, the matter should be remanded so the ALJ may make proper, specific findings at step four on whether Ms. Smith's past work at the Association constituted substantial gainful activity.

## CONCLUSION

As discussed above, the Court recommends the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings. On remand,

REPORT AND RECOMMENDATION - 5

the ALJ should make proper, specific findings at step four on whether Ms. Smith's past work at the Association constituted substantial gainful activity and therefore past relevant work. If the ALJ determines that the Association job is not past relevant work, the ALJ should proceed to step five of the five-step disability determination process.

Objections, if any to this Report and Recommendation must be filed and served no later than **January 25, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **January 27, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of January, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge